UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cheri Haralson, | Case No. 23-cv-3214 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| The Tile Shop, LLC, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion For Continued Sealing ("Sealing Motion") (ECF No. 98) filed in connection with Defendant's Motion For Summary Judgment (ECF No. 67). Plaintiff filed multiple exhibits related to the underlying motion under seal (ECF Nos. 89 to 89-1) ("Plaintiff's Sealed Exhibits"). Plaintiff also filed statements indicating that redaction of Plaintiff's Sealed Exhibits was impractical because each "document was designated as confidential by the opposing party." ("Statements") (ECF Nos. 88-2 to 88-5, 88-7, 88-8, 88-10 to 88-14). The parties agree that the documents filed at ECF Nos. 89-7 to 89-10 should be unsealed and further agree that the other documents—filed at ECF Nos. 89 to 89-6—should remain sealed because they contain confidential business information. (ECF No. 98 at 3-4.)

**I.      Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served

1

by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## II.   Analysis

Defendant's Motion for Summary Judgment (ECF No. 67) is not yet resolved, such that it is unknown at this juncture whether the documents at issue will play a material role in the exercise of Article III judicial power. That uncertainty is of no consequence, however, because the Court would reach the same determination, set forth below, under either the "compelling reason" standard, *Flynt*, 885 F.3d at 511, or the "countervailing reason" standard, *IDT Corp.*, 709 F.3d at 1224.

As a threshold matter, the parties agree that the documents filed at ECF Nos. 89-7 to 89-10 may be unsealed.  Based on the Court's review of these documents, and in light of the parties' agreement, the Court finds unsealing them is appropriate.  *Flynt*, 885 F.3d at 511.

The parties also agree that the documents filed at ECF Nos. 89 to 89-6 should remain sealed because they contain unspecified confidential business and information.  (ECF No. 98 at 3.)  The Statements further explain that each document is sealed because "it was designated as confidential" by Defendant.  (*See* ECF Nos. 88-2 to 88-5, 88-7, 88-8, 88-10 to 88-14).  A party's designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public.  The Court accordingly rejects this rational for sealing the documents.  But having carefully reviewed each document at issue, the Court finds that each does in fact contain sensitive and confidential information such as customer information and other sensitive business information, as well as names, addresses, or other personnel information that Defendant and third parties have legitimate interests in protecting.

The Court thus finds that Defendant and the non-parties' legitimate interests in maintaining confidentiality as to these documents constitute compelling reasons for sealing, and *a fortiori* adequate countervailing reasons, which outweigh any public interest in unsealing them.[1]  *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing for the redaction of "sensitive personal information").

---

[1] Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the documents and the information they contain in deciding dispositive motions or at trial.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 98) is **GRANTED** as follows:

1. The Clerk of Court is directed to keep the documents filed at ECF Nos. 89, 89-1, 89-2, 89-3, 89-4, 89-5, and 89-6 under seal.

2. The Clerk of Court is directed to unseal the documents filed at ECF Nos. 89-7, 89-8, 89-9 and, 89-10.

Dated:  July 30, 2025                               *s/ Dulce J. Foster*
                                                                DULCE J. FOSTER
                                                                United States Magistrate Judge